# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMAN SEARS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DETECTIVE DELLAVALLE, et al.,<br><br>　　　　　　　　Defendants. | Civ. Action No. 21-18739 (JXN)(MAH)<br><br>**OPINION** |

**NEALS**, District Judge

　　Plaintiff Iman Sears ("Plaintiff") brings the instant action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On November 8, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis*, and the Clerk of Court sent copies of the Order to Plaintiff at the address on file. (*See* ECF No. 10.) On November 30, 2021, the mail was returned as undeliverable. (ECF No. 11.)

　　Plaintiff has not updated his address in compliance with L. Civ. R. 10.1 or otherwise communicated with the Court, and it is not clear whether Plaintiff intends to proceed with this action. At this time, the Court will administratively terminate this matter and provide Plaintiff with 30 days to update his address.[1] If Plaintiff updates his address within 30 days, the Court will

---

[1] Plaintiff is informed that administrative termination is not a "dismissal," and that the Court retains jurisdiction over his case. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals). "Dismissals end all proceedings, at which time the district court relinquishes any jurisdiction over the matter. . . . By contrast, administrative closings do not end the proceeding. Rather, they are a practical tool used by courts to 'prune . . . overgrown dockets' and are 'particularly useful in circumstances in which a case, though not dead, likely to remain moribund for an appreciable period of time.'" *Id.* (citing *Freeman v. Pittsburgh Glass Works*, LLC, 709 F.3d 240, 247 (3d Cir. 2013) (internal quotation marks omitted); *see also Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially *ad hoc*, way in which courts remove cases from their active files without making any final adjudication.").

reopen this matter for adjudication. If Plaintiff fails to update his address within 30 days, this Order will automatically convert to a dismissal of the Complaint without prejudice.

Therefore, IT IS, on this 14th day of December 2021,

**ORDERED** the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter, as Plaintiff has failed to update his address in compliance with L. Civ. R. 10.1; and it is further

**ORDERED** that if Plaintiff updates his address within 30 days, the Court will reopen this matter for adjudication; and it is further

**ORDERED** that if Plaintiff fails to update his address within 30 days, this Order will automatically convert to a dismissal of the Complaint without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail and **CLOSE** this case accordingly.

JULIEN XAVIER NEALS
United States District Judge