## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IMAN SEARS,

               Plaintiff,

    v.

DETECTIVE DELLAVELLE, *et al.*,

               Defendants.

Civil Action No.: 21-18739 (JXN)(MAH)

**OPINION**

**NEALS**, District Judge:

    Before the Court is *pro se* Plaintiff Iman Sears' ("Plaintiff") civil rights Amended Complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 18.) Based on his affidavit of indigence (ECF Nos. 8, 9), the Court previously granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 10.) The Court must now screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons stated herein, the Court will dismiss the Amended Complaint without prejudice as time-barred and for failure to state a claim.

### I.    BACKGROUND

    The Court construes the factual allegations of the Amended Complaint as true for the purposes of this screening only. On or about October 15, 2021, Plaintiff, a prisoner confined in Essex County Correctional Facility in Newark, New Jersey, filed his initial Complaint in this

matter in which he sought to raise claims against various members of the Newark Police Department and the City of Newark for alleged constitutional violations committed during his arrest in September 2018. (*See* ECF Nos. 1, 18). Plaintiff claims unlawful arrest, imprisonment, and prosecution, and names Detective Dellavalle, Detective Rivera, Lieutenant Anthony Venancio, John Doe Officers 1-4, and the City of Newark as Defendants in this matter. (*See* ECF No. 18at 3-4.) Each claim relates directly to events that took place on September 29, 2018. (*Id.*)

Plaintiff alleges that on September 29, 2018, at approximately 11:40 p.m., he was smoking a cigarette in front on 839 Frelinghuysen Avenue, in Newark, New Jersey, when Defendants Dellavalle, Rivera, Venancio, and John Doe Officers 1-4 "approached, harassed, seized, and assaulted" Plaintiff. (*Id.* at 4.) Plaintiff claims these Defendants subjected him to false arrest, false imprisonment, and malicious prosecution, when they "slammed, kicked, and punched" Plaintiff "without cause or justification." (*Id.*) Plaintiff submits that the following day he was treated at University Medical and Dentistry for fractured ribs and a collapsed lung. (*Id.*)

Plaintiff claims that he was assaulted and subjected to false arrest, false imprisonment, and malicious prosecution by Defendants in violation of "the rules and regulations of the City of Newark Police Department Policies." (*Id.*) Plaintiff also claims that in addition to ordering a "protective sweep" of Plaintiff, Defendant Lieutenant Venancio, as the "Supervisory [sic] Officer," failed to take corrective actions regarding his personnel's "vicious propensities[which] were notorious" and to "assure proper training and supervision of [] personnel [and] to implement meaningful procedures to discourage lawless official conduct." (*Id.* at 1-2.)

Plaintiff alleges that Defendant City of Newark, as a Municipal Corporation, is liable for the assault and malicious prosecution he suffered as it "tolerated and permitted a pattern of illegal assaults on minority persons and has failed to maintain a proper system for reviewing these attacks

by Police Officers," and resulted in Police Officers' belief "that they can violate the rights of persons, such a Plaintiff, with impunity." (*Id.* at 4.)

Plaintiff submits he was charged with possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), possession with intent to distribute fentanyl, heroin, and cocaine, 18 U.S.C. § 841(a)(1) and (b)(1)(c), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924 (c)(1)(A)(i). (*Id.* at 5.) According to the Amended Complaint, on December 23, 2020, the above-referenced charges were "terminated in favor of Plaintiff" by order of [d]ismissal by the Honorable New Jersey District Judge William J. Martini." (*Id.*)

Plaintiff seeks damages in the amount of $2,000,000.00.

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a).  District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In*

*re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.    DISCUSSION

Plaintiff's Amended Complaint asserts that Defendants are liable to him under 42 U.S.C. § 1983 based on claims of false arrest, false imprisonment, excessive force, and malicious prosecution. (*See generally* ECF No. 18.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48

(1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

Here, the Court construes Plaintiff's Amended Complaint to allege claims for relief against Defendants Dellavalle, Rivera, Venancio, and John Doe Officers 1-4, in their individual and official capacities, and against the City of Newark as the municipal entity that employed these officers. (ECF No. 18 at 2-4.). Plaintiff alleges that these Defendants violated his civil right under 42 U.S.C. § 1983. (*Id.*) It appears from the face of the Amended Complaint that these claims are time-barred.

### A. Statute of Limitations on Section 1983 Claims- False Arrest, False Imprisonment, and Excessive Force

The misconduct alleged in Plaintiff's Amended Complaint occurred on September 29, 2018, and the Complaint was not filed until October 15, 2021. As such, Plaintiff's civil rights claims appear to be barred by the two-year statute of limitations applicable to civil rights claims.

"[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 F. App'x. 455, 457 (3d Cir. 2007). There is a two-year statute of limitations for claims brought under § 1983, *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) ("[f]or section 1983 actions in New Jersey, '[the governing personal injury] statute is N.J.S.A. 2A:14–2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action") (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)). The limitations period for Plaintiff's claims is therefore two years. The limitation period begins to run on the accrual date, which is governed by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal

law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

The limitations period may, however, be tolled under certain circumstances. State law governs whether the limitations period should be tolled. *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010). A plaintiff may be entitled to equitable tolling under New Jersey law

> where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie St. Police Dep't*, No. 10-497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. New Jersey*, 788 A.2d 867, 879–80 (N.J. Super. Ct. App. Div. 2002)).

### 1. False Arrest and False Imprisonment

With regard to Plaintiff's claims for false arrest and false imprisonment, the Court finds these are barred by the statute of limitations. A claim of false arrest, and the accompanying claim for false imprisonment, accrues immediately upon the arrest at issue. *Wallace v. Kato*, 549 U.S. 384, 389-90 & n.3 (2007); *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (accrual of a claim for false arrest occurred on the date the plaintiff "was arrested and charges were filed against him"). Nevertheless, while the claim accrues upon arrest, the statute of limitations does not begin to run at the same time. Instead, the statute of limitations for a false arrest/imprisonment claim begins to run "when the individual is released, or becomes held pursuant to legal process," i.e., when he is arraigned. *Alexander v. Fletcher*, 367 F. App'x 289, 290 n.2 (3d Cir. 2010) (citing *Wallace*, 549 U.S. at 389–90); *see also Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011).

6

Here, Plaintiff's Amended Complaint indicates the underlying charges in this matter were before the Honorable William J. Martini, United States District Judge, District of New Jersey. (*See* ECF No. 18, at 5.) The Court takes judicial notice that Plaintiff was arraigned on those underlying charges on April 11, 2019. (*See* Crim. Act. No. 19-cr-00224 (WJM), ECF No. 18.) He would have two years from that date, or by April 2021, to timely file his false arrest and false imprisonment claims. *See Woodyard v. Cty. of Essex*, 514 F. App'x. 177, 184 (3d Cir. 2013) (using arraignment date as the date on which limitations period began to run on false arrest and false imprisonment claims). Plaintiff filed his original Complaint on October 15, 2021, six months beyond the two-year statute of limitations. (*See* ECF No. 1.) As such, Plaintiff's § 1983 claims for false arrest and false imprisonment against Defendants Dellavalle, Rivera, Venancio, and John Doe Officers 1-4 are time-barred and subject to dismissal. *See Paluch v. Secretary Pennsylvania Dept. of Corrections,* 442 F. App'x 690, 694 n.2 (3d Cir.2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record.")

Plaintiff's Amended Complaint does not submit any basis for equitable tolling of the limitations period. Therefore, Plaintiff's false arrest and false imprisonment claims will be dismissed without prejudice.

### 2. Excessive Force

The Court construes the Amended Complaint as raising an excessive force claim against Defendants Dellavalle, Rivera, Venancio, and John Doe Officers 1-4, which is similarly time-barred. The two-year statute of limitations begins to run when a wrongful act causes damages. *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Wallace*, 549 U.S. at

388 (quotation omitted)). The two-year statute of limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir.1991).

As previously discussed, the events giving rise to Plaintiff's excessive force claim stems from events that occurred on September 29, 2018. (*See* ECF No. 18, at 4.) Plaintiff would have had known of the injury that constitutes the basis of his excessive force claim when the alleged mistreatment occurred on September 29, 2018. *See Large v. Cty. of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009); *Cooper v. Gloucester Cty. Corr. Officers*, Civ. A. No. 08-103, 2008 WL 305593, at *4 (D.N.J. Jan. 28, 2008). Plaintiff would have had two years from that date, or by September 29, 2020, to file a timely excessive force claim. Plaintiff filed his original complaint on October 15, 2021, over a year after the two-year statute of limitations period had run. Therefore, Plaintiff's § 1983 claim for excessive force against Defendants Dellavalle, Rivera, Venancio, and John Doe Officers 1-4 is time-barred. *See Whiting v. Bonazza*, 545 F. App'x 126, 130 (3d Cir. 2013); *Walters v. Muhlenburg Twp. Police Dep't*, 536 F. App'x 213, 216 (3d Cir. 2013).

Plaintiff's Amended Complaint does not submit any basis for equitable tolling of the limitations period. Therefore, Plaintiff's excessive force claim will be dismissed without prejudice.

### 3. Supervisory Liability

Plaintiff's claim against the City of Newark based on *Monell*[1] is based on alleged misconduct that took place on September 29, 2018, over three years prior to Plaintiff filing his initial complaint on October 15, 2021. Plaintiff's *Monell* claim is subject to the applicable two-year statute of limitations and accordingly is also barred.

---

[1] *See generally Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) (stating standards for municipal government § 1983 liability. Claims asserting municipal liability pursuant to § 1983 are commonly referred to as *Monell* claims.

Similarly, apart from the statute of limitations bar, Plaintiff's claims against the City of Newark could not proceed based on the dismissal of his underlying civil rights claims against the Officer Defendants. *See Mulholland v. Gov't County of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

Moreover, municipal liability under § 1983 may not be asserted under a *respondeat superior* theory of liability but must instead be founded on allegations that the government itself supported a violation of constitutional rights. *See Monell*, 436 U.S. at 690. Municipal liability exists where execution of the municipality's policy or custom, whether made by lawmakers or decisionmakers whose edicts may fairly represent official policy, inflict the injury. *Id.* at 694.

Under Third Circuit law, when a plaintiff brings a complaint under *Monell* against a municipality, the specific offending custom, policy, or practice must be pleaded in the complaint. *See McTernan v. City of York*, 564 F.3d 636, 638 (3d Cir. 2009) ("To satisfy the pleading standard, [a plaintiff] must identify a custom or policy and specify what exactly that custom or policy was.") (citing *Philips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)). In addition, a plaintiff must also allege that the policy or custom was the "proximate cause" of his injuries, *see Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)), "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges." *See id.* (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 851 (3d Cir. 1990)). At the pleading stage, this generally requires some facts that tend to show that policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to the injuries in question. *See id.*

Here, Plaintiff characterizes Defendant City of Newark as the employer of Defendants Detective Dellavalle, Detective Rivera, Lt. Anthony Venancio and John Does 1-4. Plaintiff asserts that the City of Newark "tolerated and permitted a pattern of illegal assaults on minority persons and has failed to maintain a proper system for reviewing these attacks by Police Officers." (*Id.* at 4.) However, Plaintiff does not identify any City of Newark official governmental "policy" that was executed resulting in injury to Plaintiff. Thus, independent of the statute of limitations bar, Plaintiff has not stated a viable claim for municipality liability under *Monell.*

**B. Failure to State a Claim- Malicious Prosecution**

The Court construes Plaintiff's Amended Complaint as raising a malicious prosecution claim against Defendants Dellavalle, Rivera, Venancio, John Doe Officers 1-4 and the City of Newark. Plaintiff's malicious prosecution claim fails to state a claim upon which relief can be granted.

To state a Fourth Amendment claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (internal citations omitted). That the criminal proceedings terminated in Plaintiff's favor is a requirement for bringing a malicious prosecution claim. *Id.* Indeed, a cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

Initially, the Court notes that the Amended Complaint does not allege how these Defendants initiated the federal criminal proceedings against Plaintiff. While Plaintiff alleges these Defendants were involved in his arrest, Plaintiff fails to allege specifically how these Officer Defendants and the City of Newark were involved in his federal prosecution. (*See generally* ECF No. 18.) For example, Plaintiff does not explain if or how the Detectives, Lieutenant, John Doe Officers, or the City of Newark played a role in the federal criminal proceedings that were brought against Plaintiff. (*See id.*) The Amended Complaint instead submits a bare allegation that these Defendants maliciously prosecuted Plaintiff, which is insufficient to state a claim for relief. *See, e.g., Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).

Additionally, Plaintiff alleges that his criminal charges were terminated in his favor. (ECF No. 18 at 5.) However, Plaintiff has not provided sufficient information about the disposition of the underlying charges for the Court to assess element two, known as the "favorable termination requirement." That requirement exists "to avoid 'the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (quoting *Heck*, 512 U.S. at 484). To avoid such a conflicting outcome, the prior disposition of the criminal case must show "the innocence of the accused." *Malcomb v. McKean*, 535 F. App'x. 184, 186 (3d Cir. 2013). Plaintiff's Amended Complaint does not contain facts sufficient to show his charges were terminated based on his innocence. As such, Plaintiff has not met the favorable termination requirement to state a claim for malicious prosecution. Therefore, Plaintiff's malicious

prosecution claim against all Defendants is dismissed without prejudice for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is dismissed without prejudice.[2] The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above.  An appropriate Order follows.

**JULIEN XAVIER NEALS**
**United States District Judge**

---

[2] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")